IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  |  |
|---|---|
| ENEMENCIO CABRERA,<br><br>    Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., AMERISOURCE, INC., BERGEN BRUNSWIG DRUG COMPANY d/b/a AMERISOURCEBERGEN, and WALTER F. HARTMAN, M.D.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§  Civil Action<br>§  No. C-06-466<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER OF REMAND

On this day the Court *sua sponte* considered its subject matter jurisdiction over the above-styled action.  For the reasons stated herein, the Court finds subject matter jurisdiction lacking and therefore REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the County Court at Law Number 2 of Nueces County, Texas, where it was originally filed and assigned Cause No. 06-62081-2.

### I.   Factual and Procedural Background

Plaintiff Enemencio Cabrera ("Plaintiff") filed his Original Petition in state court on August 30, 2006.  (D.E. 1, Notice of Removal, ¶ 1; Exh. B to Notice of Removal, Plaintiff's Original Petition ("Petition").)  In his petition, Plaintiff alleges that Defendants Merck & Co., Inc. ("Merck"), Amerisource, Inc., and Bergen Brunswig Drug Company d/b/a AmerisourceBergen (collectively

the "Drug Defendants") manufactured, marketed, promoted, sold, and distributed Vioxx (Rofecoxib), a prescription drug designed to treat pain. (Petition, ¶ VII.)[1] Plaintiff alleges that he took Vioxx for pain relief, and as a result of his ingestion of Vioxx, Plaintiff "suffered from complications which led to serious and life threatening injuries". (Petition, ¶ VI.) Plaintiff alleges several causes of action against the Drug Defendants, including negligence, fraud, strict products liability, and breach of warranties. (Petition, ¶¶ VII-XII.)

Plaintiff alleges that Dr. Walter F. Hartman prescribed Vioxx to Plaintiff, and that Dr. Hartman failed to warn and/or negligently prescribed Vioxx to Plaintiff. (Petition, ¶ XII.) Plaintiff also claims that Dr. Hartman failed to properly monitor the effects of Vioxx on Plaintiff, and that Dr. Hartman failed to offer a safer alternative to treat Plaintiff. (Petition, ¶ XII.)

Merck was served with Plaintiff's Original Petition on September 18, 2006. (Notice of Removal, ¶ 2.) On October 18, 2006, Merck, joined by AmerisourceBergen, removed the action to this Court, alleging diversity jurisdiction. (Notice of Removal, ¶¶ 5-6.) See 28 U.S.C. § 1332. Merck claims that the amount in controversy exceeds the jurisdictional requirement of $75,000, and the parties are diverse because Plaintiff is a citizen of Texas and

---

[1] In the Notice of Removal, Merck states that AmerisourceBergen Drug Corporation ("AmerisourceBergen") is incorrectly identified and sued as "Amerisource, Inc." and "Bergen Brunswig Drug Company d/b/a Amerisourcebergen." (Notice of Removal, ¶ 1.)

all properly-joined Defendants are citizens of different states. (Notice of Removal, ¶¶ 6, 12, 14-17.)  Merck acknowledges that one of the Defendants, Walter F. Hartman, M.D., is also a Texas citizen, but Merck argues that Dr. Hartman was improperly joined to defeat diversity.[2]  (Notice of Removal, ¶¶ 8, 18-23.)  For the reasons stated below, the Court finds that Dr. Hartman was properly joined, and that the Court lacks subject matter jurisdiction over this action.

**II.  Discussion**

    **A.  Improper Joinder**

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."  Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc).  The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court.  See Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)); see also Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005).  As there is no allegation of actual fraud in

---

    [2] Dr. Hartman did not join in the Notice of Removal. (Notice of Removal, ¶¶ 5, 8.)  Merck claims, however, that Dr. Hartman was served with a copy of the Original Petition on September 19, 2006, and that he filed an answer on October 2, 2006. (Notice of Removal, ¶ 4.)

Plaintiff's Original Petition, Merck establishes improper joinder by demonstrating that there is no possibility of recovery by Plaintiff against nondiverse Defendant Dr. Hartman. See Crockett, 436 F.3d at 532. The Court resolves this matter by conducting an analysis under a rule similar to that of Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005) (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)); see also Boone, 416 F.3d at 388; Smallwood, 385 F.3d at 573. The Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of [his or her state law] claim, but look[s] only for a possibility that the plaintiff might do so." Guillory, 434 F.3d at 308. Ordinarily, if Plaintiff can survive the Rule 12(b)(6) type challenge, there is no improper joinder. See Smallwood, 385 F.3d at 573. If Merck fails to establish improper joinder, then there is not complete diversity of citizenship among the parties, and the Court must remand the action for lack of subject-matter jurisdiction. See 28 U.S.C. § 1332; 28 U.S.C. § 1447(c).

Plaintiff claims in his Original Petition that Dr. Hartman "negligently prescribed" Vioxx to Plaintiff and/or failed to warn Plaintiff about Vioxx's known side effects. (Petition, ¶ XII.) As noted above, as long as Plaintiff could conceivably recover damages

from nondiverse Defendant Dr. Hartman, the action must be remanded.

### B. Plaintiff's Original Petition Pleads a Medical Malpractice Claim Against Dr. Hartman

Under Texas law, the elements of a medical malpractice claim are as follows:

(1) a duty owed by the defendant physician to the plaintiff;
(2) a breach that duty;
(3) injury or harm to the plaintiff; and
(4) a causal connection between the breach and the injury or harm.

See Hollis v. United States, 323 F.3d 330, 336 (5th Cir. 2003) (citing Urbach v. United States, 869 F.2d 829, 831 (5th Cir. 1989)).

Plaintiff specifically alleges the following regarding Defendant Dr. Hartman:

> Defendant WALTER F. HARTMAN, M.D., prescribed Vioxx® (Rofecoxib) to Plaintiff ENEMENCIO CABRERA. Defendant WALTER F. HARTMAN, M.D., failed to warn and/or negligently prescribed the medication Vioxx® (Rofecoxib) to Plaintiff ENEMENCIO CABRERA. Defendant doctor failed to properly monitor the effect of the drug on Plaintiff and failed to offer a safer alternative drug to treat Plaintiff.

(Petition, ¶ XII.)

Under Texas law, this type of affirmative act – prescribing medication – gives rise to a physician-patient relationship, which also gives rise to a duty on the part of the physician to "treat [the patient] with the skills of a trained, competent professional, and a breach of that duty may give rise to a malpractice action." Gross v. Burt, 149 S.W.3d 213, 221-22 (Tex. App.--Fort Worth 2004) (citing Reynosa v. Huff, 21 S.W.3d 510, 513 (Tex. App.--San Antonio

2000)).  Furthermore, the physician "assumes the duty to warn the patient of dangers associated with a particular prescribed drug." Morgan v. Wal-Mart Stores, Inc., 30 S.W.3d 455, 462 (Tex. App.--Austin 2000). Accordingly, Plaintiff sufficiently pleads the first element of a medical malpractice claim in his Original Petition. (Petition, ¶ XII.)  Moreover, by its very definition, a claim of negligence is a claim that Dr. Hartman breached his duty to Plaintiff, by not exercising the applicable standard of care. See, e.g., Dunnings v. Castro, 881 S.W.2d 559, 561 (Tex. App.--Houston 1994) (stating that "[n]egligence is defined as conduct that falls below the standard established by law for the protection of others against unreasonable risk of harm"); Karnes City v. Kendall, 172 S.W.3d 624, 629 (Tex. App.--San Antonio 2005) (same). Therefore, Plaintiff also adequately pleads the second element of a medical malpractice claim.  (Petition, ¶ XII.)  Likewise, Plaintiff sufficiently pleads the third and fourth elements of a medical malpractice claim, because he alleges that his life-threatening injuries were caused by Vioxx negligently prescribed by Dr. Hartman.  See Hollis, 323 F.3d at 336; Petition, ¶¶ I, VI, XII.

Accordingly, in his Original Petition Plaintiff adequately pleads a cause of action against Dr. Hartman for medical malpractice under Texas law.[3]

---

[3] Of note, Merck argues that Plaintiff cannot recover against Dr. Hartman because he claims that the Drug Defendants misrepresented Vioxx's safety and concealed its dangers, accordingly Dr. Hartman could not have known of the problems

**C.     Cases Involving Physicians**

In support of removal, Merck cites cases where courts denied remand upon finding that nondiverse physicians were improperly joined. (Notice of Removal, ¶ 24.) However, these cases are distinguishable from the instant case. For example, in Estate of Flores v. Merck & Co., Inc., Civil Action No. C-03-362 (S.D. Tex. Mar. 15, 2004), the only allegation that directly referred to the physician was that "Plaintiff Decedent was prescribed Vioxx by defendant Dr. Fuentes" (no specific allegation that the doctor negligently prescribed Vioxx to the patient). Id. at p. 2. Likewise, in Benavides v. Merck & Co., Inc., Civil Action No. L-03-134 (S.D. Tex. Feb. 24, 2004), the court noted that: (1) the only time the plaintiffs referred to the physicians by name was when alleging jurisdictional facts; and (2) the plaintiffs did not allege that the physicians "treated Ms. Gutierrez, prescribed Vioxx to Ms. Gutierrez, ... gave her samples of the drug ... [or] had any interaction with [Ms. Gutierrez.]" Id. at pp. 2, 6. Additionally, this Court has reviewed other cases dealing with the same issue.

---

associated with Vioxx. (Notice of Removal, ¶ 23). However, Rule 48 of the Texas Rules of Civil Procedure allows parties to plead alternate theories of recovery, even if the allegations are inconsistent with one another. See Tex. R. Civ. P. 48 ("A party may also state as many separate claims or defenses as he has regardless of consistency"); see also Texas Gen. Indemnity Co. v. Sheffield, 439 S.W.2d 431, 434-35 (Tex. Civ. App. 1969) ("there were two alternative and inconsistent allegations in the plaintiff's former petition ... [s]uch pleading is permitted by Rule 48, Texas Rules of Civil Procedure. An alternative statement in a pleading in conflict with other allegations in the same pleading does not constitute an admission").

E.g., Eller v. Merck & Co., Inc., Civil Action No. C-04-096 (S.D. Tex. Jan. 7, 2005) (The court remanded the action upon finding that the nondiverse physician was properly joined); Garza v. Heart Clinic, P.A., Civil Action No. M-03-087 (S.D. Tex. July 31, 2003) (same); Denny v. Merck & Co., Inc., Civil Action No. 03-510 (E.D. Tex. Apr. 19, 2004) (same).

This Court finds that the instant action is distinguishable from cases where courts found improper joinder. As noted above, this Court concludes that Plaintiff adequately pleads a cause of action for medical malpractice against nondiverse Defendant Dr. Hartman. Accordingly, the Court concludes that the prescribing physician in this case was not improperly joined.

### III. Conclusion

For the reasons stated above, Defendant Merck has not met its heavy burden of showing improper joinder. Therefore, the Court does not have subject matter jurisdiction over this action. Accordingly, the Court hereby REMANDS the above-styled pursuant to 28 U.S.C. § 1447(c) to the County Court at Law Number 2 of Nueces County, Texas, where it was originally filed and assigned Cause No. 06-62081-2.

SIGNED and ENTERED this 24th day of October, 2006.

_____
Janis Graham Jack
United States District Judge